UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARDNER,<br><br>         Plaintiffs,<br><br>v.<br><br>COLDWELL BANKER LEGACY, LLC, et al.,<br><br>         Defendants. | Case No.: 3:25-cv-1724-CAB-DEB<br><br>**ORDER:**<br><br>**1. DENYING MOTION FOR TRO**<br><br>**2. DENYING MOTION TO FILE ELECTRONICALLY**<br><br>**3. TO SHOW CAUSE RE: VENUE**<br><br>[Doc. Nos. 2–3] |

  Plaintiff has filed an ex parte motion for temporary restraining order seeking to enjoin an ongoing divorce court proceeding in New Mexico. [Doc. No. 3 at 2]; Case No. D-202-DM-2023-03332. Plaintiff has also sought permission to electronically file documents. [Doc. No. 2.]

  As it relates to Fed. R. Civ. P. 12(b)(1), "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting

*Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). The Court can dismiss a case on subject matter jurisdiction grounds sua sponte. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

The plaintiff bears the initial burden of establishing the court's jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The court need not presume the truthfulness of the plaintiff's allegations when evaluating a motion under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Federal courts are courts of limited jurisdiction and lack of jurisdiction is presumed unless proven otherwise. *See Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

As further explained below, this Court does not have subject matter jurisdiction over the TRO request.

### i. *Younger* Abstention

The *Younger* abstention doctrine, as described in *Younger v. Harris*, 401 U.S. 37 (1971), counsels federal courts to maintain respect for state functions and avoid undue interference with certain ongoing state proceedings. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (1989).

Under this doctrine, a federal court abstains from hearing a case when there are ongoing state proceedings at the time the federal case is filed that fall within at least one of three case categories: (1) state criminal proceedings; (2) state civil enforcement proceedings; and (3) state "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *New Orleans*, 491 U.S. at 367–68) (quotation marks omitted). The doctrine applies to actions seeking declaratory and injunctive relief. *Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

A federal court must abstain under *Younger* where the following four factors are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating

federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (abrogated on other grounds).

All four factors counsel in favor of abstention. First, there is an ongoing state divorce proceeding. [*See generally* Doc. No. 3-1.] This proceeding implicates a core state interest. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (recognizing the strong state interest in domestic relations). Moreover, Plaintiff has not alleged that he is barred from litigating federal constitutional issues in the state proceeding. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15 (1987) (burden for this factor is on the plaintiff). Finally, the injunctive relief sought is aimed at stopping a state family court judge from entering a final judgment in a divorce proceeding—representing a significant interference with a state proceeding.

When addressing issues of family law, federal courts have held abstention is "particularly appropriate." *Friends of Children, Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985). "[T]here is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law." *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987). The Court finds that abstention is appropriate.

### ii.     Anti-Injunction Act

Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of the exceptions authorized by the Act apply here. As such, the Anti-Injunction Act independently prohibits the Court from exercising jurisdiction over the requested TRO. *See Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (the Anti-Injunction Act is a jurisdictional bar).

### iii. Venue

District courts have the authority to raise the issue of defective venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is governed by statute: 28 U.S.C. § 1391(b). Plaintiff, a resident of San Diego, claims that all Defendants reside in New Mexico. [Compl. at 2.]

None of the events alleged in the complaint occurred in California. As pleaded, they relate to an ongoing state court proceeding in New Mexico. Because venue is likely proper in the District of New Mexico, the provision in Section 1391(b)(3) does not apply. The Court is inclined to dismiss this case on grounds of improper venue. *See* 28 U.S.C. § 1406(a). The Court **ORDERS** Plaintiff to submit a brief by **July 18, 2025** explaining why venue is proper in the Southern District of California.

### iv. Conclusion

Because the Court lacks subject matter jurisdiction, the Court **DENIES** the motion for TRO with prejudice pursuant to Fed. R. Civ. P. 12(b)(1). Moreover, Plaintiff has not certified his compliance with the District's rules on electronic filing. That certification is available at https://www.casd.uscourts.gov/ProSe/Prose-FilingInfo.aspx. Plaintiff is instructed to include that certification as part of any renewed motion to file documents electronically. At present, his motion to file electronic documents is **DENIED** without prejudice.

It is **SO ORDERED**.

Dated July 9, 2025

Hon. Cathy Ann Bencivengo
United States District Judge